IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | : : : : : : | Case No. 4:16-MC-00396 |
| Petitioner, | : : | (Judge Brann) |
| v. | : : | |
| N & B LUNDY CORP. d/b/a PITTER PATTER DAY SCHOOL, | : : : | |
| Respondent. | : | |

**MEMORANDUM and ORDER**

**May 3, 2017**

Before the Court is Petitioner R. Alexander Acosta, Secretary of Labor, United States Department of Labor's Motion for Adjudication of Civil Contempt against Respondent N & B Lundy Corp. d/b/a Pitter Patter Day School and its principal Bobbi Jo Lundy. For the following reasons, this Motion will be granted.

**I. PROCEDURAL HISTORY**

On April 24, 2015, Kim A. Langer, who was acting for the Regional Director for the Philadelphia Region of the Employee Benefits Security Administration ("EBSA") – United States Department of Labor, issued a subpoena duces tecum to Respondent N & B Lundy Corporation d/b/a Pitter Patter Day

1

School ("Respondent").[1] The subpoena requested that Pitter Patter appear at 10:00 a.m. on May 6, 2015, at EBSA's Philadelphia Regional Office in Philadelphia, Pennsylvania, and to produce records relevant to a fiduciary investigation being conducted pursuant to ERISA § 504(a), 29 U.S.C. § 1134(a), for possible violations of Title I of ERISA.[2] Respondent failed to produce any of the requested documents or in any way assist the ongoing investigation.[3]

On October 12, 2016, Petitioner R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Petitioner") filed a Petition to Enforce the Administrative Subpoena.[4] By Order dated October 13, 2016, this Court scheduled a hearing for November 18, 2016 at 10:00 a.m. to afford the Respondent an opportunity to show cause why it should not be required to produce all of the documents requested by the subpoena.[5] Respondent thereafter failed to attend the November 18, 2016 hearing,[6] and the Court issued an Order on that same date enforcing the administrative subpoena and directing Respondent to produce all requested documents within seven days.[7]

---

[1] Pet. to Enforce Administrative Subpoena (ECF No. 1) ¶ 5, at 2.
[2] Id. ¶¶ 3, 5, at 2.
[3] Id. ¶¶ 6–7, at 3.
[4] ECF No. 1.
[5] ECF No. 3.
[6] ECF No. 4.
[7] ECF No. 5.

Petitioner filed the instant Motion for Adjudication of Civil Contempt on January 13, 2017.[8] This Motion argues that Respondent and its principal Bobbi Jo Lundy should (1) be held in civil contempt for failure to comply with the November 18, 2016 court order; (2) be ordered to produce all responsive documents in one day; (3) be subjected to a coercive fine of $250.00 per day for any subsequent failure to comply; and (4) be ordered to pay Petitioner a compensatory fine including reasonable attorney's fees.[9] The Court subsequently afforded Respondent an opportunity to show cause why they should not be adjudged in civil contempt at a hearing on April 26, 2017.[10] Respondent again failed to attend this scheduled show cause hearing.[11]

**II.    LAW**

Courts possess "inherent power to enforce compliance with their lawful orders through civil contempt."[12] This power to punish contempt

> is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory.[13]

---

[8] ECF No. 7.

[9] Id. at 4–5.

[10] ECF Nos. 8 & 10.

[11] ECF No. 12.

[12] Shillitani v. United States, 384 U.S. 364, 370 (1966)(citing United States v. United Mine Workers, 330 U.S. 258, 330–332 (1947)).

[13] Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 450 (1911); see also Roadway Express v. Piper, 447 U.S. 752, 764 (1980) (a judge must have and exercise with restraint and discretion

3

Civil contempt and criminal contempt sanctions differ in their underlying purpose. Sanctions for criminal contempt are "punitive, to vindicate the authority of the court.[14] Civil contempt sanctions, on the other hand, are "penalties designed to compel future compliance with a court order, [and] are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard."[15] In fashioning sanctions for civil contempt, a district court may impose a wide range, including incarceration, fines, or a reimbursement of costs to the complainant.[16]

To prove civil contempt, the court must find that: (1) a valid court order existed; (2) the defendant had knowledge of the order; and (3) the defendant disobeyed the order.[17] These elements must in turn be established by clear and convincing evidence.[18] "Clear and convincing" evidence is defined at that which

> produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to

---

the inherent power of the contempt sanction in order to protect the due and orderly administration of justice and to maintain the authority and dignity of the court.)

[14] Int'l Union, United Mine Workers v. Bagwell, 512 U.S. 821, 827–828 (1994); see Roe v. Operation Rescue, 919 F.2d 857, 868 (3d Cir. 1990).

[15] Id. at 827.

[16] Tracfone Wireless, Inc. v. LaMarsh, 307 F.R.D. 173, 175 (W.D.Pa. 2015)(citing Shulman v. Chromatex, Civil Action No. 3:08-CV-0229, 2012 WL 3289006, at *3 (M.D.Pa. Aug. 10, 2012)).

[17] See Harris v. City of Phila., 47 F.3d 1311, 1326 (3d Cir. 1995) (citing Roe v. Operation Rescue, 919 F.2d at 871).

[18] Id. at 1321.

come to a clear conviction, without hesitancy, of the truth of the precise facts. . .[19]

### III. FINDINGS OF FACT & CONCLUSIONS OF LAW

Based on both the evidence adduced by Petitioner and the Court's prior involvement with this case, I find, by clear and convincing evidence, that Respondent N & B Lundy Corp. d/b/a Pitter Patter Day School and principal Bobbi Jo Lundy are in civil contempt of this Court. Sanctions will therefore be imposed to compel future compliance with my Order of November 18, 2016.

First, I note that, on November 18, 2016, a hearing was held in which Respondent was afforded the opportunity to show cause why the issued administrative subpoenas should not be enforced. Despite personal service by Petitioner of the Order scheduling this hearing together with the Petition to Enforce Administrative Subpoena and Memorandum of Law in Support of Petition to Enforce Administrative Subpoena,[20] Respondent did not attend the November 18, 2016 hearing. The Court therefore entered an Order on November 18, 2016 enforcing the administrative subpoena and directing the Respondent to produce the requested documents within seven days.

---

[19] United States v. Bell, Civil Action No. 01-CV-2159, 2003 WL 22474723 (M.D.Pa. Sept. 3, 2003)(Conner, J.)(quoting Cruzan by Cruzan v. Director, Mo. Dept. of Health, 497 U.S. 261, 285 n. 11 (1990)).

[20] ECF No. 7-2.

Beyond the existence of a valid Court Order, I also find, by clear and convincing evidence, that Respondent had knowledge of the November 18, 2016 Order and its progeny, including (1) Petitioner's Motion for Adjudication of Civil Contempt, (2) an Order of February 7, 2017 scheduling a show cause hearing, and (3) an Order of March 8, 2017 rescheduling said hearing for April 26, 2017. At the April 26, 2017 hearing, Petitioner stated that service of these documents was effectuated via (1) regular mail to Respondent's personal address, (2) certified mail to Respondent's personal address, (3) email to a known email address, and finally (3) personal service on March 29, 2017. These methods of service, in compliance with Federal Rule of Civil Procedure 4(e), are further commemorated through a Certificate of Service[21] and Return of Service provided by Petitioner and filed with the Court.[22]

Finally, despite the existence of a valid Court Order and Respondent's knowledge of same, Respondent failed to comply with Court directives. Specifically, both within his instant Motion for Adjudication of Civil Contempt and at the hearing held on April 26, 2017, Petitioner argues that Respondent has failed to comply with my November 18, 2016 Order by supplying the documents or otherwise cooperating in the investigation. I further note that, despite being

---

[21] ECF No. 7-3.

[22] ECF No. 11.

afforded the opportunity to show cause why the administrative subpoenas should not be enforced and subsequently why she should not be held in civil contempt, Respondent has failed to attend either hearing. Therefore, based on the above, I find, by clear and convincing evidence, that Respondent is in civil contempt of a valid court order and coercive fines and costs are necessary to ensure future compliance.

Furthermore, I find that incarceration as a means of compelling Respondent's compliance may become necessary following the expiration of a designated period of time. In civil contempt proceedings, imprisonment is not intended as punitive, but rather as a means of coercing the party to do what he or she has previously refused to do.[23] As a sanction, imprisonment may therefore be imposed "if the contemnor fails after a designated period of time to comply with a court's order or may take the form of imprisonment for a fixed term, provided that the contemnor has the option of earlier release if he complies."[24] To purge himself or herself from contempt and thus terminate continuing confinement, the contemnor need only (1) comply with the contempt order or (2) show by clear and convincing evidence that he or she is unable to do so through factual impossibility.[25]

---

[23] Tracfone Wireless, Inc., 307 F.R.D. at 176 (citing, inter alia, Gompers, 221 U.S. at 441).
[24] Id. (citing Shillitani, 384 U.S. at 370 n.6).
[25] Id. (citing United States v. Rylander, 460 U.S. 752, 757 (1983)).

Based on Respondent's history of flouting Court Orders, I will therefore set a twenty-one day timeline in which Respondent and principal Bobbi Jo Lundy will have to produce the documents and in which a coercive fine will be accruing. **If Respondent fails to comply within that timeframe, Ms. Lundy shall be ordered to appear immediately before this Court to present evidence of why she cannot comply with this Order. Failure to do so appear before the Court or to present such evidence will result in the immediate arrest and imprisonment of Bobbi Jo Lundy for civil contempt.** This increasing progression of coercive penalties is in keeping with the directive that a court "should apply the least coercive sanction (e.g., a monetary penalty) reasonably calculated to win compliance with its orders" and "[i]f compliance is not forthcoming, the initial penalty may be increased, or a new penalty appropriate under the circumstances may be selected."[26] Courts within the United States Court of Appeals for the Third Circuit have followed this directive by fashioning a coercive penalty of accruing fines limited in duration by the possible imposition of incarceration.[27]

**AND NOW**, based on above reasoning, **IT IS HEREBY ORDERED THAT** Petitioner R. Alexander Acosta, Secretary of Labor, United States

---

[26] In re Grand Jury Impaneled January 21, 1975, 529 F.2d 543, 551 (3d Cir.1976).

[27] See, e.g., Tracfone Wireless, Inc., 307 F.R.D. at 176; Int'l Plastics & Equip. Corp. v. Taylor's Indus. Servs.,Civil Action No. 07-CV-1053, 2011 WL 1399081at *4 (W.D.Pa. Apr. 12, 2011); Bell, 2003 WL 22474723, at *2.

Department of Labor's Motion for Adjudication of Civil Contempt (ECF No. 7) is **GRANTED.** Respondent N & B Lundy Corp., d/b/a Pitter Patter Day School and principal Bobbi Jo Lundy are in civil contempt of court for failure to comply with the Court Order of November 18, 2016, and are sanctioned as follows:

1. Beginning on, and including, May 8, 2017, Respondent N & B Lundy Corp., d/b/a Pitter Patter Day School and its principal Bobbi Jo Lundy shall pay two hundred fifty dollars ($250.00) per day to the Clerk of Court for the United States District Court for the Middle District of Pennsylvania, until such time as Respondent complies with the my Order of November 18, 2016 enforcing Petitioner's administrative subpoena. If Respondent fails to achieve compliance within twenty-one (21) days, Ms. Lundy shall be ordered to appear immediately before this Court to present evidence of why she cannot comply with this Order. **Failure to do so will result in the Court ordering the United States Marshal to take Ms. Lundy into custody and to detain her until she establishes compliance with the Court's Orders in this case.**;

2. Respondent N & B Lundy Corp., d/b/a Pitter Patter Day School are directed to reimburse the Department of Labor costs and attorney's fees in the amount of $ 4,224.76.[28]

3. Petitioner shall file a Status Report with the Court when Respondent is in full compliance with the outstanding orders, or on or before May 30, 2017.

4. The Clerk of Court is directed to docket this Order as a "written opinion," pursuant to the E-Government Act of 2002.

BY THE COURT:

   s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[28] I have reduced Petitioner's costs and attorney's fees to those directly related to the preparation and service of the Motion for Adjudication of Civil Contempt and excluding administrative matters such as the costs of rescheduling the hearing, as "damages caused the offended party by a violation of the court's order." Quinter v. Volkswagen of Am., 676 F.2d 969, 975 (3d Cir. 1982); see also Gregory v. Depte, 896 F.2d 31, 34 (3d Cir. 1990) (compensatory damages for civil contempt violation "must not exceed the actual damages caused the offended party").